# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

INCYTE CORPORATION, )
)
Plaintiff, )
)  C. A. No. N15C-09-055 MMJ
v. )
)  COMPLEX COMMERCIAL
)  LITIGATION DIVISION
FLEXUS BIOSCIENCES, INC., )
TERRY ROSEN, and JUAN JAEN )
)  JURY TRIAL OF TWELVE
Defendants. )  DEMANDED

## ORDER GOVERNING THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL AND HIGHLY CONFIDENTIAL MATERIAL

WHEREAS, the parties to the above-captioned proceeding (the "Litigation") may be engaged in discovery, which may include, among other things, the production of certain non-public documents and information and the taking of depositions;

WHEREAS, these discovery proceedings may involve the production of certain documents and information containing confidential and sensitive commercial, personal, financial or business information that the parties wish to protect from general disclosure to the public; and

WHEREAS, good cause exists for entry of this Order Governing the Production and Exchange of Confidential and Highly Confidential Material (the "Order");

IT IS HEREBY ORDERED, pursuant to Superior Court Civil Rules 5(g) and 26(c), by and among the parties hereto through their undersigned counsel, and subject to the approval of the Court, that this Order will govern the handling of documents, depositions, interrogatory responses, admissions, and any other information produced, given, or exchanged by and among the parties and any non-parties (the "Producing Party") to the Litigation in connection with discovery in the Litigation and any information or documents derived therefrom or containing any such information (all such information hereinafter referred to as "Discovery Material"). Discovery Material shall also include (1) any information copied or extracted from such discovery; (2) all copies, excerpts, summaries, or compilations of such discovery; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal such discovery.

1. Any Producing Party may designate any Discovery Material as "Confidential" under the terms of this Order if the Producing Party in good faith reasonably believes that such Discovery Material contains non-public, confidential, proprietary or commercially sensitive information, that requires the protections provided in this Order (hereinafter "Confidential Discovery Material").

2. Any Producing Party may designate any Confidential Discovery Material as "Highly Confidential – Attorneys' Eyes Only" under the terms of this Order if such Producing Party in good faith reasonably believes that disclosure of the

- 2 -

Confidential Discovery Material (other than as expressly permitted pursuant to this Order) would harm the commercial, financial or business interests of such Producing Party or its employees, or would otherwise create an undue risk of injury to such Producing Party or its employees that would not exist in the absence of such disclosure ("Highly Confidential Discovery Material").

3. The designation by any Producing Party of any Discovery Material as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" will constitute a representation that such Discovery Material has been reviewed by an attorney for the designating party or a supervised designee and that there is a good faith basis for such designation.

4. The parties reserve the right to apply, pursuant to Superior Court Civil Rule 26(c) and upon not less than 10 days notice, for an Order seeking additional safeguards with respect to the use and handling of Discovery Material including, but not limited to, any of the materials referred to in Paragraphs 1 and 2 above.

5. Confidential Discovery Material or Highly Confidential Discovery Material, or information derived therefrom or containing such information, will be used solely for purposes of this Litigation and will not be used for any other purpose, including without limitation, any business or commercial purpose, or any communications with any third party not a party to the Litigation, except to the extent such information is already known to such third party for reasons unrelated

to this Litigation, or to the extent disclosure to such third party is otherwise allowed by this Order. Confidential Discovery Material and Highly Confidential Discovery Material will not be disclosed except as expressly permitted by the terms of this Order.

6. The designation of Discovery Material as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" for purposes of this Stipulation will be made consistent with, and will be governed by, the provisions set forth below:

(a)    In the case of documents or other materials (apart from depositions or other pretrial testimony): (i) by affixing the legend "Confidential" or "Highly Confidential – Attorneys' Eyes Only" (or a substantially similar designation) to each page containing any Confidential Discovery Material or Highly Confidential Discovery Material; or (ii) in the case of electronically stored information produced in native format, by including "Confidential" or "Highly Confidential – Attorneys' Eyes Only" (or a substantially similar designation) in the file or directory name, or by affixing the legend "Confidential" or "Highly Confidential – Attorneys' Eyes Only" (or a substantially similar designation) to the media containing the Discovery Material (e.g., CD-ROM, floppy disk, DVD); provided that the failure to designate a document as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" (or a substantially similar designation)

- 4 -

does not constitute a waiver of such claim, and a Producing Party may so designate a document after such document has been produced, with the effect that such document is subject to the protections of this Order on and after the date of its designation. If, before receiving such notice, the receiving party disclosed such material to recipients not authorized to receive such material under the revised designation, the receiving party shall immediately inform the producing party and shall make all reasonable efforts to assure that the material is treated in accordance with the revised designation and the provisions of this Order from that date forward. Upon receiving notice of an inadvertent failure to properly designate material, the receiving party shall return to the producing party or destroy all copies of the material, and the producing party shall promptly produce replacement material to the receiving party bearing the appropriate designation. Any party making hard copies of electronically stored information produced in native format shall be responsible for labeling the copy "Confidential" or "Highly Confidential – Attorneys' Eyes Only" (or a substantially similar designation) or otherwise protecting its confidentiality in accordance with the terms of this Order.

(b)     Subject to the provisions of subsection (c), below, in the case of depositions or other pretrial testimony: (i) by a statement on the record, by

counsel, at the time of such disclosure, which will have the limited effect of designating the deposition or testimony as a whole, or portions thereof, as Confidential or Highly Confidential; or (ii) by written notice sent by counsel to all parties within thirty (30) business days after receiving an official copy of the transcript thereof, whether or not a statement was made on the record, and in both of the foregoing instances, by directing the court reporter that the appropriate confidentiality legend be affixed to the first page and all portions of the original and all copies of the transcript containing any Confidential Discovery Material or Highly Confidential Discovery Material; provided that the failure to designate a transcript or a portion thereof as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" (or a substantially similar designation) within this period does not constitute a waiver of such claim, and a Producing Party may so designate a transcript or a portion thereof after the initial thirty (30) business day confidentiality period provided for herein, with the effect that such transcript or portion thereof is subject to the protections of this Order on and after the date of its designation.

(c)     No party will be liable for failing to treat (i) a document as Confidential or Highly Confidential between its production and its post-production designation as Confidential or Highly Confidential, or (ii) a transcript or a portion thereof as Confidential or Highly Confidential

between the expiration of the initial thirty (30) business day confidentiality period provided for in subsection (b) and its subsequent designation as Confidential or Highly Confidential.

7. Discovery Material designated "Confidential" may be disclosed, summarized, described, characterized or otherwise communicated or made available in whole or in part only to the following persons:

(a)   The parties to the Litigation, limited to individual parties and to members, managers, directors, officers, employees, or of any parent, subsidiary, or affiliate thereof, who are assisting the parties in this Litigation, or who appear as witnesses, for use in accordance with this Order;

(b)   Outside counsel who represent the parties in this Litigation and whose firm has entered an appearance in this Litigation, regular and temporary employees and service vendors of such counsel (including outside copying services and outside litigation support services) participating in the conduct of the Litigation for use in accordance with this Order;

(c)   In-house counsel for the parties, and regular and temporary in-house legal staff for the parties, including paralegals;

(d)   Any person clearly indicated on the face of a document to be the

author, addressee, or an actual or intended recipient of the document;

(e)     Subject to the requirements of paragraph 12, experts or consultants not in the regular employ of the parties necessary to assist counsel for parties that have appeared in this Litigation for use in accordance with this Order, provided that such individuals first execute an undertaking in the form attached as Exhibit A hereto, agreeing in writing to be bound by the terms and conditions of this Order, consenting to the jurisdiction of the Court for purposes of the enforcement of this Order, and agreeing not to disclose or use any Confidential Discovery Material in a manner or for purposes other than those permitted hereunder;

(f)     Non-party witnesses or deponents and their counsel, during the course of or, to the extent necessary, in preparation for depositions or testimony in this Litigation for use in accordance with this Order, provided that such individuals first execute an undertaking in the form attached as Exhibit A hereto, agreeing in writing to be bound by the terms and conditions of this Order, consenting to the jurisdiction of the Court for purposes of the enforcement of this Order, and agreeing not to disclose or use any Confidential Discovery Material in a manner or for purposes other than those permitted hereunder;

(g)     The Court and persons employed by the Court;

(h)     Court reporters, videographers or translators employed in connection with this Litigation;

(i)     Any third-party mediator selected by the parties or assigned by the Court; and

(j)     Any other person only upon order of the Court or upon stipulation of the Producing Party.

8. Highly Confidential Discovery Material may be disclosed, summarized, described, characterized or otherwise communicated or made available in whole or in part only to the following persons:

(a)     Outside counsel who represent the parties in this Litigation and whose firm has entered an appearance in this Litigation, regular and temporary employees and service vendors of such counsel (including outside copying services and outside litigation support services) participating in the conduct of the Litigation for use in accordance with this Order, provided that such individuals shall not disclose or use any Confidential Discovery Material in a manner or for purposes other than those permitted hereunder;

(b)     Two in-house lawyers for Plaintiff and two in-house lawyers for Defendant Flexus Biosciences, Inc., provided that such individuals are

identified in writing to the other parties in advance,[1] and further provided that such individuals are not currently involved, formally or informally, directly or indirectly, in the preparation or prosecution of patents in the technology area of IDO or IDO inhibitors, and will not be involved in such activities for two (2) years after the conclusion of this Litigation including any appeals, and further provided that such individuals first execute an undertaking in the form attached as Exhibit A hereto, agreeing in writing to be bound by the terms and conditions of this Order, consenting to the jurisdiction of the Court for purposes of the enforcement of this Order, and agreeing not to disclose or use any Confidential Discovery Material in a manner or for purposes other than those permitted hereunder;

(c)  Any person clearly indicated on the face of a document to be the author, addressee, or an actual or intended recipient of the document;

(d)  Subject to the requirements of paragraph 12, experts or consultants not in the regular employ of the parties necessary to assist counsel for parties that have appeared in this Litigation for use in accordance with this Order, provided that such individuals first execute an undertaking in the form attached as Exhibit A hereto, agreeing in writing to be bound by the

---

[1] Should one or more designated in-house attorneys leave their respective company or change positions within the company such that they no longer have a role in overseeing this litigation, such individual(s) may be replaced with another in-house attorney upon a showing that the former designee is no longer involved in the litigation.

terms and conditions of this Order, consenting to the jurisdiction of the Court for purposes of the enforcement of this Order, and agreeing not to disclose or use any Confidential Discovery Material in a manner or for purposes other than those permitted hereunder;

(e) The Court and persons employed by the Court;

(f) Court reporters, videographers, or translators employed in connection with this Litigation;

(g) Any third-party mediator selected by the parties or assigned by the Court; and

(h) Any other person only upon order of the Court or upon stipulation of the Producing Party.

9. Confidential Discovery Material may be provided to persons listed in Paragraphs 7(e) and 7(f) above to the extent necessary for such person to prepare a written opinion, to prepare to testify, or to assist counsel in the prosecution or defense of this Litigation, provided that such person is using said Confidential Discovery Material solely in connection with this Litigation, and further provided that such person signs an undertaking in the form attached as Exhibit A hereto, agreeing in writing to be bound by the terms and conditions of this Order, consenting to the jurisdiction of the Court for purposes of the enforcement of this Order, and agreeing not to disclose or use any Confidential Discovery Material in a

- 11 -

manner or for purposes other than those permitted hereunder. Every person given access to Confidential Discovery Material or information contained therein will be advised that the information is being disclosed pursuant and subject to the terms of this Order and may not be disclosed other than pursuant to the terms thereof. Counsel for the party showing Confidential Discovery Material to any person required to execute an undertaking pursuant to this paragraph will be responsible for obtaining such signed undertaking and retaining the original, executed copy thereof.

10. Highly Confidential Discovery Material may be provided to persons listed in Paragraphs 8(b) and (d) above to the extent necessary for such person to prepare a written opinion, to prepare to testify, or to assist counsel in the prosecution or defense of this Litigation, provided that such person is using said Highly Confidential Discovery Material solely in connection with this Litigation, and further provided that such person signs an undertaking in the form attached as Exhibit A hereto, agreeing in writing to be bound by the terms and conditions of this Order, consenting to the jurisdiction of the Court for purposes of the enforcement of this Order, and agreeing not to disclose or use any Highly Confidential Discovery Material in a manner or for purposes other than those permitted hereunder. Every person given access to Highly Confidential Discovery Material or information contained therein will be advised that the information is

being disclosed pursuant and subject to the terms of this Order and may not be disclosed other than pursuant to the terms thereof. Counsel for the party showing Highly Confidential Discovery Material to any person required to execute an undertaking pursuant to this paragraph will be responsible for obtaining such signed undertaking and retaining the original, executed copy thereof.

11. Nothing herein shall prevent the use or disclosure of Confidential Discovery Material or Highly Confidential Discovery Material by: (a) the Producing Party of its own materials; (b) the receiving party or its counsel to a current officer or current employee of the Producing Party; (c) a party or its counsel to any person, whether or not affiliated with the producing party at the time of disclosure, who either authored the material, in whole or in part, or who has independently received the material other than through a means constituting a breach of this Order or any other obligation which may exist to keep such material confidential, or (d) by a party or its counsel to any person who is reasonably identified as previously having had access to the material, which identification is made by the sworn testimony of another or unambiguously appears on the face of the document, other than through a means constituting a breach of this Order. Furthermore, nothing herein shall prevent outside counsel from rendering advice to their clients and, in the course thereof, relying generally on examination of Confidential Discovery Material or Highly Confidential Discovery Material,

*provided, however*, that in rendering such advice and otherwise communicating with such clients, outside counsel shall not disclose any item so designated except as permitted herein.

12. At least two (2) business days before any Confidential Discovery Material or Highly Confidential Discovery Material is shared by the receiving party with an expert or consultant in accordance with Paragraphs 7(e) and 8(d) above, counsel for the receiving party shall disclose to counsel for the producing party the following information for each such expert or consultant: (a) name, (b) current home and business address, (c) detailed employment history, (d) a current copy of the expert or consultant's *Curriculum Vitae*, (e) a list of all consulting relationships (including litigation consultancies) in the past ten (10) years. If the expert's or consultant's *Curriculum Vitae* contains the information set forth in subsections (a), (b), (c) and (e), then the *Curriculum Vitae* shall be a sufficient disclosure. If the Producing Party objects to the disclosure of such Confidential Discovery Material or Highly Confidential Discovery Material to the proposed expert or consultant, it shall notify the receiving party of its objection and the grounds therefor in writing, within two (2) days of receiving the disclosure. If the dispute is not resolved on an informal basis within two (2) business days of receipt of such objections, the producing party shall immediately make the appropriate application to the Court for resolution of the dispute. No Confidential Discovery

Material or Highly Confidential Discovery Material shall be shared with the proposed expert or consultant until the matter is resolved. The above shall not apply to any proposed expert or consultant with whom Confidential Discovery Material or Highly Confidential Discovery Material of the producing party will not be shared.

13. All documents of any nature that are filed with the Court (including briefs, memoranda, motions, letters, and other documents) containing Confidential Discovery Material or Highly Confidential Discovery Material will be filed confidentially and not available for public access ("Confidential Treatment") in accordance with Superior Court Civil Rule 5(g).

14. Documents that contain Confidential Discovery Material or Highly Confidential Discovery Material and are authorized by this Court to receive Confidential Treatment will be filed with or submitted to the Court clearly marked as confidential and subject to this Order, and will be electronically filed in a manner to assure that they are accessible only to the Court and counsel to the parties in this action. All materials so filed will be released from Confidential Treatment by the Prothonotary only as provided in Superior Court Civil Rule 5(g)(5) or upon further order of the Court.

15. The parties filing any brief, memorandum, motion, letter or other document (a "Filing") for Confidential Treatment pursuant to the provisions of this Order will comply with the provisions of Superior Court Civil Rule 5(g).

16. Any party may challenge the Confidential Treatment of a confidential filing as provided for in Superior Court Civil Rule 5(g)(4).

17. Entering into, agreeing to and/or producing or receiving Confidential Discovery Material or Highly Confidential Discovery Material or otherwise complying with the terms of this Order will not:

(a)     Operate as an admission by any party that any particular Confidential Discovery Material or Highly Confidential Discovery Material contains or reflects trade secrets or any other type of confidential information;

(b)     Prejudice in any way the rights of the parties to object to the production of documents they consider not subject to discovery, or operate as an admission by any party that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any party to be Confidential Discovery Material or Highly Confidential Discovery Material;

(c)     Prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Order;

- 16 -

(d)     Prejudice in any way the rights of any party to seek a determination by the Court whether any Discovery Material, including Confidential Discovery Material or Highly Confidential Discovery Material, should or should not be subject to the terms of this Order;

(e)     Prejudice in any way the rights of a party to petition the Court for a further protective order relating to any purportedly confidential information; or

(f)     Prevent the parties to this Order from agreeing to alter or waive the provisions or protections provided for herein with respect to any particular Discovery Material.

18. Nothing herein will impose, relieve or otherwise modify any restrictions on the use or disclosure by a party or witness of documents or information obtained separate and apart from the discovery proceedings in the Litigation.

19. If information subject to a claim of attorney-client privilege, attorney work product, joint or common interest privilege, or any other ground upon which production of such information should not be made to any party is nevertheless inadvertently produced to such party or parties, such production will in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product or other ground for withholding production to which the Producing Party would otherwise be entitled, provided that the Producing Party

sends a written request for the return of such information in writing within ten (10) business days of discovering such inadvertent production. If a Producing Party asserts a claim of inadvertent production pursuant to this paragraph, with respect to information then in the custody of another party, such party promptly will return to the claiming party or person that material as to which the claim of inadvertent production has been made, and the receiving party will not use such information for any purpose, and shall destroy any notes or other records containing such information, provided however that the receiving party may retain one copy of the material for purposes of making a motion to compel production of the material and provided further that such retained copy shall be returned to the Producing Party or destroyed by the earlier of: (a) ten (10) days after return of the material is demanded as set forth above if no motion is filed seeking to compel production of the material or (b) ten (10) days after the Court denies a motion to compel production. The party returning such material may then move the Court for an Order compelling production of the material within ten (10) days of returning the material, but the motion will not assert as a ground for entering such an Order the fact or circumstance of the inadvertent production. The receiving party shall not use the material subject to a claim of inadvertent production for any purpose other than in connection with a motion to compel, until such motion is resolved. Should a Producing Party claim inadvertent production of a document

pursuant to this paragraph during a deposition and the Court subsequently determines that the document is not protected by privilege, then the deposing party will have the right to recall the witness for a deposition which will be limited in scope to the challenged document.

20. It is the present intention of the parties that the provisions of this Order will govern discovery in this Litigation. Nonetheless, each of the parties hereto will be entitled to seek modification of this Order by application to the Court on notice to the other parties hereto for good cause.

21. The parties agree to be bound by the terms of this Order pending the entry of this Order, or an alternative thereto which is satisfactory to all parties, by the Court, and any violation of its terms will be subject to the same sanctions and penalties, as if this Order had been entered by the Court.

22. Subject to the requirements of Superior Court Civil Rule 5(g)(5), the provisions of this Order will, absent written permission of the Producing Party or further order of the Court, continue to be binding throughout and after the conclusion of the Litigation, including without limitation any appeals therefrom. Within sixty (60) days after receiving notice of the entry of an order, judgment or decree finally disposing of all litigation in which Confidential Discovery Material or Highly Confidential Discovery Material is permitted to be used, all persons having received Confidential Discovery Material or Highly Confidential Discovery

Material will either make a good faith effort to return such material and all copies thereof (including summaries and excerpts and including all such material provided to any other person) to counsel for the Producing Party or destroy all such Confidential Discovery Material or Highly Confidential Discovery Material and certify that fact in writing to the Producing Party within five (5) business days of the date of such return or destruction. Outside counsel for the parties will be entitled to retain court papers, correspondence, pleadings, deposition and trial transcripts and exhibits, and attorney work product (including Discovery Material containing Confidential Discovery Material or Highly Confidential Discovery Material) provided that such outside counsel, and employees of such outside counsel, will not disclose such court papers or attorney work product to any person except pursuant to Court order or agreement with the party that produced the Confidential Discovery Material or Highly Confidential Discovery Material. All materials returned to the parties or their counsel by the Court likewise will be disposed of in accordance with this paragraph.

23. The obligations of persons receiving Confidential Discovery Material or Highly Confidential Discovery Material in accordance with this Order shall not terminate upon conclusion of the Litigation, and shall be deemed continuing in nature for an infinite time period, absent agreement of the parties or Court order, or as otherwise provided in this Order.

24. If, at any time, a party wishes for any reason to dispute a designation of any Confidential Discovery Material or Highly Confidential Discovery Material hereunder, such party will notify the Producing Party of such dispute in writing, identifying the Confidential Discovery Material or Highly Confidential Discovery Material in dispute, and the parties shall then endeavor in good faith to resolve such disagreement. In the event no resolution is reached within five (5) business days of the Producing Party receiving such notice, the party objecting to such designation may file an appropriate motion with the Court and may move on an expedited basis for an order vacating the designation. While such an application is pending, the Discovery Material in question will continue to be treated as designated.

25. Following the conclusion of the Litigation, any party who seeks the continued Confidential Treatment of any filed document may petition the Court for continued sealing pursuant to Superior Court Civil Rule 5(g)(5).

26. In the event that any Confidential Discovery Material or Highly Confidential Discovery Material is used in any court proceeding in this Litigation or any appeal therefrom, such Confidential Discovery Material or Highly Confidential Discovery Material will not lose its status as Confidential Discovery Material or Highly Confidential Discovery Material through such use, except and to the extent that such Confidential Discovery Material or Highly Confidential

Discovery Material becomes part of the public record. Counsel will confer on such procedures as are necessary to protect the confidentiality of any documents, information and transcripts used in the course of any court proceedings.

27. If any person receiving documents covered by this Order (the "Receiver") is subpoenaed in another action or proceeding or served with a document demand, and such subpoena or document demand seeks Discovery Material which was produced or designated as Confidential Discovery Material or Highly Confidential Discovery Material by someone other than the Receiver, the Receiver will (i) give written notice to the party who produced or designated the Confidential Discovery Material or Highly Confidential Discovery Material and (ii) object to the production of such Confidential Discovery Material or Highly Confidential Discovery Material on the grounds of the existence of this Order. Notice will be provided (a) within three (3) business days from receipt of the subpoena or document demand if the deadline for production is more than ten (10) days from receipt of the subpoena or document demand, (b) within two (2) business days if the deadline for production is less than ten (10) days from receipt of the subpoena or document demand provided, however, that in all cases notice will be given at least five (5) business days in advance of any production of documents. The burden of opposing the enforcement of the subpoena will fall upon the party who produced or designated the Confidential Discovery Material or Highly

Confidential Discovery Material. Unless the party who produced or designated the Confidential Discovery Material or Highly Confidential Discovery Material obtains an order directing that the subpoena not be complied with, and serves such order upon the Receiver prior to the production response date pursuant to the subpoena or any extension thereof, the Receiver will be permitted to produce documents responsive to the subpoena on the subpoena response date or any extension thereof (provided that notice of the subpoena or document demand is provided as required herein). Compliance by the Receiver with any order directing production pursuant to the subpoena of any Confidential Discovery Material or Highly Confidential Discovery Material will not constitute a violation of this Order, provided the Receiver has complied with the terms of this paragraph.

28. In the event additional parties join or are joined in this Litigation, they will not have access to Confidential Discovery Material or Highly Confidential Discovery Material until the newly joined party, by its counsel, has executed and filed with the Court its agreement to be fully bound by this Order.

29. No reference may be made in the presence of the jury at trial in this Litigation to the existence of this Order, the contents of this Order, or the fact that certain material is subject to this Order.

30. The parties agree that any breach of this Order may result in immediate and irreparable injury for which there is no adequate remedy at law. If anyone

violates or threatens to violate the terms of this Order, the parties agree that the aggrieved party may immediately apply to obtain injunctive relief against any such violation, in addition to any relief that may be available from the Court presiding over the Litigation.

31. If a receiving party learns that, by inadvertence or otherwise, it has disclosed Confidential Discovery Material or Highly Confidential Discovery Material to any person or in any circumstance not authorized under this Order, the receiving party must immediately (a) notify in writing the Producing Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Confidential Discovery Material or Highly Confidential Discovery, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the undertaking in the form attached as Exhibit A.

SO ORDERED this 6th day of June, 2016.

_____
The Honorable Mary M. Johnston,
Superior Court Judge

# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| INCYTE CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) C. A. No. N15C-09-055 MMJ |
| v. | ) |
| | ) COMPLEX COMMERCIAL |
| | ) LITIGATION DIVISION |
| FLEXUS BIOSCIENCES, INC., | ) |
| TERRY ROSEN, and JUAN JAEN | ) |
| | ) JURY TRIAL OF TWELVE |
| Defendants. | ) DEMANDED |

## UNDERTAKING PURSUANT TO ORDER GOVERNING THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL AND HIGHLY CONFIDENTIAL MATERIAL

I have read the Order Governing the Production and Exchange of Confidential and Highly Confidential Material (the "Order") in the above-captioned action. I understand its terms and agree to be fully bound by them, and I hereby submit to the jurisdiction of the Superior Court of the State of Delaware solely for purposes of enforcement of the Order.

_____
Signature

_____
Name

_____
Affiliation

_____  _____
Date                     Title